IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICOLE LEE CHAPPEL,<br><br>Defendant. | CR 19–57–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Nicole Lee Chappel's Motion for Early Termination of Supervised Release. (Doc. 53.) Ms. Chappel was adjudged guilty of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 2). (Doc. 45 at 1.) The United States dismissed the remaining counts of the Indictment. (*Id.*) On June 5, 2020, the Court sentenced Ms. Chappel to 48 months imprisonment, with a five-year term of supervised release to follow. (*Id.* at 2–3.) Ms. Chappel began her term of supervision on May 23, 2022. (Doc. 48.) As of the date of this Order, she has completed approximately four years and five months of her five-year term of supervision. (Doc. 54 at 2-3.) She now seeks termination of the remaining term of supervised release. (Doc. 53.) The United States and Probation Officer Evin Hansen defer to the Court's discretion. (*Id.*)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,[1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Ms. Chappel began her term of supervised release on May 23, 2022 (Doc. 48 at 1), rendering her statutorily eligible for the premature termination of her remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Ms. Chappel's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Ms. Chappel waives it, or if the proposed modification is favorable to her and the United States does not object. The early termination of Ms. Chappel's supervised release is obviously favorable to her, and the United States did not object. (Doc. 53.) Accordingly, the Court will dispose of this matter without a hearing.

sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Ms. Chappel's remaining term of supervised release. Ms. Chappel has served approximately four years and five months months of her required five-year term of supervised release. (Doc. 53 at 1.) Although Ms. Chappel has five reported violations of her supervision conditions—primarily alcohol-related—her last violation was on March 3, 2025. (Docs. 48, 49.) Since then, Ms. Chappel has had no positive alcohol or drug tests. (Doc. 54 at 8.) Probation Officer Hansen reports that Ms. Chappel is currently in compliance with her supervised release conditions and is under a reduced level of monitoring. (*Id*. at 1.) The Court notes that it appears Ms. Chappel has abstained from methamphetamine use—the substance involved in her underlying offense—throughout her supervision. (Docs. 48, 49.)

The motion states that Ms. Chappel maintains stable and full-time employment as an assistant manager at Beehive Homes, where she has been employed for approximately four years. (*Id*. at 7.) Ms. Chappel reports that she was ineligible for a recent promotion based on her supervision status. (*Id*.) The motion also indicates that Ms. Chappel avoids environments involving substance use, is committed to motherhood, and has the support of her parents. (*Id*. at 8.) Ms. Chappel argues that early termination would remove barriers to professional advancement and allow her to use her vacation time to visit family outside of Montana. (Doc. 54 at 10.)

The Court concludes that the § 3553(a) factors support early termination of Ms. Chappel's term of supervised release. Ms. Chappel has had limited violations during her five-year term of supervision and has had no violations since March 3, 2025. (Doc. 54 at 8.) Ms. Chappel has demonstrated that she is committed to sobriety, her career, and her family. The Court wishes Ms. Chappel the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 53) is GRANTED.

IT IS FURTHER ORDERED that Ms. Chappel's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 18th day of November.

Dana L. Christensen, District Judge
United States District Court